UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARAMIS S., | : |
|         Plaintiff, | : |
| | : |
| v. | :   C.A. No. 22-197-MSM-PAS |
| | : |
| KILOLO KIJAKAZI, | : |
| Acting Commissioner of Social Security, | : |
|         Defendant. | : |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the referred motion (ECF No. 8) of Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), to dismiss as untimely the complaint of disability applicant Aramis S., which he initiated more than fifteen months after the filing deadline (January 22, 2021) set by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c). Plaintiff counters that he made a timely application (one day before the filing deadline was set to expire) to the Appeals Council for an extension, although he concedes that it was not granted. He argues that equitable tolling should be applied based on his attorney's faxing of an open-ended motion to extend the deadline reciting a "reason" for the extension that Plaintiff now concedes was inaccurate, which the Appeals Council claims it did not receive. ECF No. 9-1. For the reasons that follow, I recommend that the motion to dismiss be granted.

I.    **Background**[1]

---

[1] This factual background is drawn from the Complaint and the Declaration (and attached exhibits) of the Chief of the Court Case Preparation and Review Branch 2 of the Office of Appellate Operations of the Social Security Administration. ECF Nos. 1; 8-1. I also accepted and relied on Plaintiff's submissions, although they were not authenticated by a sworn statement. ECF Nos. 9; 9-1-9-4.

Plaintiff's disability application was denied by an administrative law judge on May 22, 2020. ECF No. 1 ¶ 5. Notice of this unfavorable decision was mailed to Plaintiff and to his attorney. ECF No. 8-1 at 3, 5-7. On November 18, 2020, the Appeals Council denied Plaintiff's request for review. ECF No. 1 ¶ 6. The Appeals Council mailed a notice of its adverse action to Plaintiff and to his attorney on the same day. ECF No. 8-1 at 3, 24-27. The notice advised Plaintiff that, to challenge the ALJ's decision, he was required to commence a civil action within sixty days of receiving the notice, presumed to be five days after the date on the notice. ECF No. 8-1 at 25-26. Consistent with the applicable regulations, 20 C.F.R. §§ 416.1411, 416.1482, 422.210, the notice further advised Plaintiff:

> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice . . . . We will send you a letter telling you whether your request for more time has been granted.

ECF No. 8-1 at 26.[2]  It is undisputed that Plaintiff's deadline to commence a civil action was January 22, 2021. ECF Nos. 8 at 2; 9 at 1.

On January 21, 2021, Plaintiff's attorney (who had represented him during the administrative phase of the case and had received both notices) faxed a letter to the fax number his firm had used for the Appeals Council as of that time asking for an extension because Plaintiff "needs additional time to obtain the services of an attorney to assist him." ECF Nos. 9 at 1; 9-1. A confirmation sheet indicates that the transmission to the fax number was

---

[2] The regulations permit Plaintiff to ask for an extension of the deadline, as long as the request is in writing and based on reasons given in the request that amount to good cause, defined to include physical, mental or other limitations that prevented a timely filing based on, for example, serious illness, death in the immediate family or destruction of records by fire. 20 C.F.R. §§ 416.1411, 416.1482.

2

"[s]uccessful." ECF No. 9-2. This extension request was open-ended – that is, it did not ask for a specified period for the extension. ECF No. 9-1. Further, as Plaintiff now concedes, the reason for the extension was inaccurate – the true reason was because the attorney was having "difficulty maintaining contact with [Plaintiff]." ECF No. 9 at 1. Nor was the request mailed to the Appeals Council as the notice mandated. ECF No. 8-1 at 26. Through the declaration of its representative, the Appeals Council claims that it never became aware of this faxed request for extension and thus did not send a letter advising whether the request had been granted. ECF No. 8-1 ¶ 3(b).

Despite no response to the extension motion, for eight months, Plaintiff and his attorney did nothing. Finally, in September 2021, "[a]fter re-establishing contact with [Plaintiff]," the attorney's office inquired about the open-ended extension request and was informed by the Appeals Council that it had never been received. ECF No. 9 at 1. On September 21, 2021, the attorney again faxed the same open-ended request for an extension dated January 21, 2021, based on the same inaccurate reason to "a new fax number provided"; a confirmation sheet indicated successful transmission. Id. at 2; ECF No. 9-3. Again, the request was not mailed and again the attorney received no response. ECF No. 9 at 2. The Appeals Council avers that it never became aware of the September 21, 2021, fax. ECF No. 8-1 ¶ 3(b).

After waiting more than another month with no response, the attorney's office contacted the Appeals Council again and was told that the September 21, 2021, refaxed request had not been received. ECF No. 9 at 2. Therefore, on November 12, 2021, the attorney faxed the original request letter (open-ended and based on the same inaccurate reason) a third time. ECF No. 9-4. Again, the request was not mailed and again the attorney received no response. The

3

Appeals Council avers that it never became aware of the November 12, 2021, faxing of the request. ECF No. 8-1 ¶ 3(b). Therefore, it did not respond.

For more than six months following the third faxing of the original open-ended extension request, despite no response from the Appeals Council, Plaintiff and his attorney continued to do nothing. As the attorney explains, "[o]ur office then lost contact with [Plaintiff] until May 2022." ECF No. 9 at 2. In May 2022, with no extension and more than fifteen months after the deadline, the attorney finally re-established contact with Plaintiff and procured the documents necessary to file the action. Id.

The attorney filed Plaintiff's civil action on May 16, 2022. The untimeliness of the filing of the action is apparent on the face of the pleading, which recites the date of the Appeals Council's denial of the request for review of the ALJ's adverse decision. ECF No. 1 at 1. Based on the filing date, it is clear that the filing was not made until well more than a year after the sixty-fifth day following that date. ECF Nos. 1 ¶¶ 5-6; 8-1 at 25-26.

Although Plaintiff alleges that he has "faithfully pursued this action and filed as soon as became practical," he has provided no explanation or justification for the extended periods when he was out of contact with the attorney. ECF No. 9 at 2.

**II.   Standard of Review**

While the motion does not state what Rule the Commissioner relies on, I assume that this motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6). When addressing such a motion, the Court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." S.E.C. v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). The pleading must contain facts sufficient to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a claimant's filing has

"not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Id. "Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under [Fed. R. Civ. P. 12(b)(6),] provided that the facts establishing the defense [are] clear on the face of the plaintiff's pleadings." Concepcion-Torres v. Puerto Rico, 45 F. Supp. 3d 170, 172 (D.P.R. 2014) (cleaned up).

In the specific context of Social Security cases, our Circuit has determined that a Fed. R. Civ. P. 12(b)(6) motion is the appropriate vehicle to present the Commissioner's argument for dismissal of a case as untimely filed. Maldonado Medina v. Comm'r of Soc. Sec. Admin., Civil No. 18-1091 (BJM), 2019 WL 2710801 at *1 (D.P.R. June 27, 2019) (citing Grant v. Berryhill, 695 F. App'x. 592, 593 (1st Cir. 2017) (per curiam)). Further, courts in this Circuit routinely allow the parties (particularly the claimant) to submit extraneous evidence to support the argument that equitable tolling should be applied. See, e.g., McLaughlin v. Astrue, 443 F. App'x. 571, 574 (1st Cir. 2011) (per curiam) (on motion to dismiss, court remands for further consideration of claimant's factual submission in support of her claim of equitable tolling); Cory F. v. Berryhill, Case No. 19-16-JJM-PAS, 2019 WL 1517091, at *1 (D.R.I. Apr. 8, 2019) (on motion to dismiss untimely Social Security complaint, court considered allegations by claimant in support of her claim for equitable tolling); McParland v. Colvin, 215 F. Supp. 3d 129, 131-32 (D. Mass. 2016) (on Fed. R. Civ. P. 12(b)(6) motion to dismiss untimely Social Security complaint, court considered claimant's submission of material establishing filing of pending motion for extension in support of claim for equitable tolling). This approach is consistent with the applicable regulation. See 20 C.F.R. § 422.210(c) (to rebut presumption that statute of limitations began to run sixty-five days after Appeals Council denied review, claimant must demonstrate "reasonable showing to the contrary"). Based on this guidance, I have considered

the materials submitted by the parties. See e.g., Pacheco v. Saul, Civil No. 19-1373 (CVR), 2020 WL 7490397, at *2-3 (D.P.R. Dec. 17, 2020).

**III. Law and Analysis**

It is "well-established" that the Social Security Act's sixty-day statute of limitations for a claimant to file a complaint is not jurisdictional, but "constitutes a condition on the waiver of sovereign immunity that must be strictly construed." Piscopo v. Sec. of Health & Human Servs., No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994) (per curiam); McParland, 215 F. Supp. 3d at 132 ("60-day limit . . . is a condition on the waiver of sovereign immunity and thus must be strictly construed.") (quoting Bowen v. City of New York, 476 U.S. 467, 479 (1986)). "[A]pplication of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress." Bowen, 476 U.S. at 480 (internal quotation marks omitted). "[E]quitable tolling is normally appropriate only when circumstances beyond a litigant's control have prevented him from filing on time." Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); McParland, 215 F. Supp. 3d at 132; Cory F., 2019 WL 1517091, at *1. In considering equitable tolling, courts in the First Circuit are guided by the five factors listed in Jobe v. I.N.S., 238 F.3d 96, 100 (1st Cir. 2001): 1) lack of actual notice of the time limit; 2) lack of constructive notice of the time limit; 3) diligence in pursuing one's rights; 4) absence of prejudice to the party opponent; and 5) the claimant's reasonableness in remaining ignorant of the time limit.[3] McParland, 215 F. Supp. 3d at 132-33.

---

[3] Plaintiff concedes that the first, second, and fifth Jobe factors do not help him in that he had actual and constructive notice and that willful ignorance is not applicable. ECF No. 9 at 4-5. He relies only on the third (diligence) and the fourth (absence of prejudice to the Commissioner) factors. Id. As to the latter factor, while the Commissioner has presented nothing to establish actual prejudice, it is also clear that the lack of evidence of actual prejudice fades in importance as the length of the delay extends. For example, in De Oliveira v. Astrue, the Commissioner conceded that he had no evidence of prejudice, but the court declined to consider that factor as supporting equitable tolling because the delay lasted for five months beyond the sixty-day limitation period. Civil Action No. 10-11905-JLT, 2011 WL 7099971, at *5 (D. Mass. Aug. 1, 2011), adopted, 2012 WL 245238 (D. Mass. Jan. 25, 2012). De Oliveira holds that so lengthy a delay was contrary to the Congressional purpose of § 405(g) of moving cases to a "speedy

Diligence is a critical element of the equitable tolling inquiry. Watkins v. Dretke, No. 4:05-CV-444-A, 2005 WL 3555412, at *1 n. 1 (N.D. Tex. Dec. 29, 2005). As our Court has held, the claimant bears the burden of establishing that he has been pursuing this right diligently and that some extraordinary circumstance stood in his way. Cory F., 2019 WL 1517091, at *1. "[E]ven where a court has the raw power to invoke equitable tolling, that power should be exercised sparingly." Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018) (internal quotation marks omitted).

The problem with Plaintiff's invocation of equitable tolling is that he has failed to present anything demonstrating either that he acted with diligence in pursuing this case or that some extraordinary circumstance stood in his way. Rather, despite the clarity of the notice that was mailed to him directly, as well as to his attorney, Plaintiff's submissions make clear that he dropped out of contact with his attorney for months and failed to take the required actions for the attorney to file the matter during a protracted period extending from the day preceding the original due date for more than fifteen months until May 2021, when the law suit was finally filed. These facts establish a profound absence of diligence on his part. Further, with no explanation concerning why Plaintiff remained out of communication with his attorney, it is also clear that he has failed to show any extraordinary circumstance. Based on Plaintiff's lack of diligence, I find that equitable tolling does not apply.

Despite his own lack of diligence, Plaintiff's opposition to the motion asks the Court to consider his attorney's fruitless efforts to protect him from his lack of diligence by three times faxing (not mailing) to the Appeals Council a written request for an open-ended extension based

---

resolution." Id. (internal quotation marks omitted). With a far longer delay (fifteen months) here, I find that the Commissioner's failure to allege actual prejudice does not supply persuasive support for equitable tolling.

7

on a reason that was neither accurate nor facially sufficient under the applicable regulations. See 20 C.F.R. § 416.1411(b) (circumstances that may establish good cause for extension include serious illness, death in immediate family, records destroyed in fire, receipt of incorrect information about timing, failure to receive notice of decision, and other unusual or unavoidable circumstances). Potential support for the argument that the attorney's diligence should be considered may be found in a decision from the District of Massachusetts, McParland.[4] In McParland, the court was persuaded that the claimant had been diligent in that he timely retained a new attorney who promptly and timely filed a written request for a short (thirty-day) extension and then, with no response from the Appeals Council to the request to extend, filed the action before the thirty days ran out. 215 F. Supp. 3d at 131-32. The court denied the Commissioner's motion to dismiss the case as untimely, holding that "[t]here is ample support for counsel's reliance on his understanding that his first request for a brief extension would be allowed" so that "equitable tolling requires that [claimant] be allowed to proceed with his Complaint." Id. at 132-33 (emphasis supplied).

      McParland does not advance Plaintiff's cause. It featured a single time-limited motion for a brief (thirty-day) extension with an accurate reason that the Appeals Council's prior rulings established should have been sufficient; importantly, McParland couples the facts establishing attorney's prompt and appropriate conduct in asking for an extension with the specific finding that the claimant himself had been diligent in pursuing his rights. 215 F. Supp. 3d at 131-32. By contrast with McParland, the attorney here faxed (and refaxed twice more) the same request for an open-ended extension for an inaccurate reason to cover for Plaintiff's having failed to remain in contact with the law firm. And having done so, the attorney then did nothing for months,

---

[4] Plaintiff does not rely on McParland.

8

waiting for Plaintiff to reappear.  Thus, while McParland is right that an attorney's actions certainly can and should be considered in performing the equitable analysis, I find that the equities in this case tip overwhelmingly in favor of dismissal because the ineffectual actions taken by Plaintiff's attorney do not approach what might be enough to overcome Plaintiff's own failure to pursue his claim with appropriate diligence.  See also Ramos-Caldero v. Comm'r of Soc. Sec. Admin., Civil No. 17-2355 (BJM), 2019 WL 1467979, at *3 (D.P.R. Apr. 1, 2019) (where claimant failed to present evidence of how she exercised due diligence, equitable tolling denied); Valliere v. Berryhill, No. 2:17-cv-00189-JDL, 2017 WL 4891519, at *3 (D. Me. Oct. 29, 2017) (equitable tolling is unavailable where party failed to exercise due diligence), adopted, 2017 WL 6454237 (D. Me. Dec. 18, 2017).

Plaintiff has failed to sustain his burden of demonstrating that equitable tolling should be applied.  Cory F., 2019 WL 1517091, at *1.  Therefore, I recommend that the case be dismissed.

## IV.     Conclusion

Based on the foregoing, I recommend that the Commissioner's motion to dismiss (ECF No. 8) be granted.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 31, 2022