UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |   |
|---|---|---|
| ARAMIS S., | ) | |
|         Plaintiff, | ) | |
|  | ) | |
|       v. | ) | No. 1:22-CV-00197-MSM-PAS |
|  | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Comm'r of Social Security | ) | |
|         Defendant. | ) | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge,

The Court is called upon to review a Report and Recommendation issued by Magistrate Judge Patricia A. Sullivan, which recommends that the Commissioner's Motion to Dismiss the Complaint of Aramis S. be granted on the ground of untimely filing. (ECF No. 8.) The plaintiff has filed an Objection to the Magistrate Judge's Recommendation (ECF No. 9) and the Court is thus required to review *de novo* the "part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In this matter, the plaintiff objects to the Magistrate Judge's determination that the plaintiff had neither obtained nor even properly sought from the Appeals Council an extension of time in which to file the Complaint. As a result, the Complaint was filed more than fifteen months after the filing deadline of January 22, 2021, had elapsed.

A plaintiff has sixty (60) days by statute in which to commence a civil action. 42 U.S.C. 405(g). The time may be extended by the Commissioner of Social Security. *Id.* The decision of the Administrative Law Judge denying the plaintiff's claims for benefits had become final on November 18, 2020. This action was not filed until May 16, 2022, well beyond the sixty (60) day limitation.

The plaintiff submitted several requests for extension to the Appeals Council by faxing them, on January 21, 2021, in September 2021, and in November 2021. The plaintiff submitted those requests to the Court. (ECF No. 9-1 through 9-4). None of them asked for an extension of a specified length; as a result, the subsequent extensions were requested in no particular pattern: the first was filed right on the edge of the initial sixty (60) days; the second eight months later, and the third two months after that. The Complaint was filed five months later.

The Magistrate Judge, after a complete review of the proceedings, determined that the plaintiff had not demonstrated an entitlement to equitable tolling, which would excuse the delays. Equitable tolling lies when extraordinary circumstances have stood in the way of timely filing and the plaintiff has exercised due diligence. *Cory F. v. Berryhill,* No. 19-16-JJM-PAS, 2019 WL 1517091, at *1 (D.R.I. Apr. 8, 2019). "In the usual case, a court may deny a request for equitable tolling unless the proponent shows that he was actively misled or prevented 'in some extraordinary way from asserting his rights.'" *Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir. 2001) (quoting *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000)).

The hallmark of deservedness of equitable tolling is a showing that the plaintiff has diligently exercised his rights and extraordinary circumstances have prevented compliance. *Dixon v. United States,* 729 F. App'x 16, 19 (1st Cir. 2018). Far from demonstrating due diligence – on the part of either the plaintiff or his counsel -- this record shows a disregard for the obligation of timeliness.

First, the plaintiff's counsel filed his requests by fax, in contravention of the clear language of the notice from the Appeals Council (ECF No. 8-1, at 26 of 28):

> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. *You must have a good reason for waiting more than 60 days to ask for court review. …*
>
> *You must mail your request for more time to the Appeals Council at the address shown at the top of this notice.* Please put the Social Security number(a) also shown at the top of this notice on your request. *We will send you a letter telling you whether your request for more time has been granted.*

(emphasis supplied). The plaintiff received no written responses to his faxed requests. By a Declaration filed by Janay Podraza, the Chief of Court Case Preparation and Review in the Office of Appellate Operations, the defendant contends the faxes were never received. (ECF No. 8-1, at ¶ 3(b). The plaintiff concedes that twice when he contacted the Appeals Council, he was told the faxes had never been received, but he continued to send his requests by fax instead of by mail anyway.[1]

---

[1] The plaintiff contends that in other cases requests for extensions by fax have been accepted and he proffers such faxed requests in other cases. Even if that were true, does not change the fact that there was a clear procedure for requesting an extension – by mail – and the plaintiff did not follow it. As a result, regardless of what the Appeals Council office had done with other faxed requests, it did not log this one or act on it.

3

(ECF No. 9, at 1-2). When he received no response to his original request faxed on January 21, 2021, he apparently did not contact the Social Security office to inquire about its status until eight (8) months later, in September.

Second, the stated reason for needing more time was that the plaintiff "needs additional time to obtain the services of an attorney to assist him." (ECF No. 9-1). That was not true. He always had an attorney and throughout this case the same attorney has been acting on his behalf. Apparently, the reason the plaintiff wanted more time was due to his counsel's "difficulty maintaining contact with [him]." ECF No. 9, at 1) The plaintiff argues that the reason given – needing time to obtain an attorney – was simply an "inelegant[ly]" phrasing of the same reason. There is no way, however, that "needs additional time to obtain the services of an attorney" is simply an "inelegant" phrasing of "difficulty maintaining contact." This point is important, because the inability to obtain an attorney might be beyond a plaintiff's control, but staying in contact with the attorney he actually has is not. *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir. 1986) (plaintiff's failure to notify of a change of address precludes application of equitable tolling). Whatever the reason for losing contact with his client for months at a time,[2] it belies due diligence on the part of either counsel, or the plaintiff, or both. And the plaintiff has offered no explanation for why he and his counsel were not in contact, much less "extraordinary circumstances."

---

[2] In his Objection to the Motion to Dismiss, the plaintiff's counsel avers that he lost contact with his client before September 2021 and then again from November 2021 to May 2022. (ECF No. 9, at 1-2).

4

The Court agrees that the Commissioner's Motion to Dismiss for untimely filing should be GRANTED, and the plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

April    28, 2023